# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-20674
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2013

Lyle W. Cayce
Clerk

DAVID SPOTSVILLE,

Plaintiff–Appellant,

versus

D. HALL; CHRISTOPHER FREEMAN; PATRICK KELLEY;
HERMAN MEMORIAL HOSPITAL; SAMUEL J. PRATER,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-3583

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

David Spotsville appeals the dismissal of his 42 U.S.C. § 1983 lawsuit

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleging that police officer D. Hall, Doctor Christopher Freeman, police officer Patrick Kelley, Herman Memorial Hospital, and Doctor Samuel J. Prater violated his rights under the United States Constitution and state law during a series of events following his arrest for possession of cocaine. On appeal, he argues that the defendants violated his rights under the Fourth Amendment because they did not obtain a search warrant and the search and seizure was unreasonable. He also claims that he was deprived of his right to refuse medical treatment.

To the extent that Spotsville has failed to raise any arguments challenging the dismissal of his claims under the Eighth Amendment, the Fourteenth Amendment, and state law, he has abandoned them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (holding that, although *pro se* briefs are afforded liberal construction, even *pro se* litigants must brief arguments to preserve them); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that when an appellant fails to identify an error in the district court's analysis, it is the same as though he has not appealed that issue). Similarly, because Spotsville restricts his appellate arguments to the forced-sedation incident, he has abandoned any challenge to the dismissal of his claims regarding the alleged secondary search by Hall and Kelley.

We review a summary judgment *de novo*. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)

No. 12-20674

(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  Although all rea-sonable inferences are drawn in the nonmovant's favor, "conclusional allega-tions, unsupported assertions, or presentation of only a scintilla of evidence" are insufficient.  *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

"Qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Lytle v. Bexar Cnty., Tex.*, 560 F.3d 404, 409 (5th Cir. 2009) (internal quotation marks and citation omitted).  Whether a government official is entitled to qual-ified immunity for an alleged constitutional violation is determined by the two-step analysis in *Saucier v. Katz*, 533 U.S. 194 (2001), *overruled in part by Pear-son v. Callahan*, 555 U.S. 223 (2009).  *Lytle*, 560 F.3d at 409.  The threshold constitutional question is "whether, taking the facts in the light most favorable to the plaintiff, the officer's alleged conduct violated a constitutional right." *Id.* at 410.

Spotsville contends that his Fourth Amendment rights were violated when he was held down and forcibly sedated so that the crack cocaine could be removed from his mouth.  He contends that that incident was a serious viola-tion of his right to personal privacy and was committed without his consent or prior judicial approval.  Based, however, on the evidence presented to the dis-trict court, Freeman sedated Spotsville without his consent because Freeman believed it was medically necessary to do so to remove the potentially fatal risk posed by Spotsville's holding the crack cocaine underneath his tongue. Because the evidence shows that Freeman reasonably believed that there was a life-threatening exigency, the intrusion did not violate the Fourth Amend-ment.  *See United States v. Borchardt*, 809 F.2d 1115, 1117 (5th Cir. 1987).

Spotsville also contends that the forced sedation violated his liberty

interest in refusing medical treatment and determining the course of his own care. Because he has raised that issue for the first time on appeal, despite the district court's grant of leave for him to amend his complaint twice, we decline to consider the argument. *See Jennings v. Owens*, 602 F.3d 652, 657 n.7 (5th Cir. 2010); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

AFFIRMED.